IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TRACEY NELL FUNCHESS**                                                                              **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO.**  1:20-cv-4-LG-RHW

**SYNTHES USA, LLC**                                                                               **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, TRACEY NELL FUNCHESS, (hereinafter "Plaintiff"), complains of the Defendant as follows:

**PARTIES AND JURISDICTION**

I.

The Plaintiff, TRACEY NELL FUNCHESS, is an adult citizen and resident of Jackson County, Mississippi.

II.

The Defendant, SYNTHES USA, LLC (hereinafter referred to as "SYNTHES") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in West Chester, Pennsylvania. Defendant Synthes may be served with process through its Registered Agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Synthes has transacted and conducted business within the State of Mississippi and has derived substantial revenue from its pedicle screws sold and implanted in residents of the state

of Mississippi. Synthes expected, or should have expected, its acts to have consequences. Synthes derived substantial revenue from the manufacture, marketing and distribution of pedicle screws in interstate commerce.

III.

The jurisdiction of this Court is based on diversity of citizenship of the parties under Title 28, USC § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

IV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Plaintiff's claims occurred in the Southern District of Mississippi, Southern Division. Moreover, Synthes is subject to the personal jurisdiction of the Court under the Mississippi Long Arm Statute and the Due Process Clause of the 14th Amendment to the United States Constitution.

FACTS

V.

On or about February 10, 2009 the Plaintiff underwent a surgical procedure consisting of a decompression at L5 on the left, a transverse process fusion and pedicle screw fixation. The subject pedicle screws were 6.2mms in diameter by 40mms in length and were designed, manufactured, marketed and distributed by Synthes.

VI.

Tracey continued to experience chronic low back pain with bilateral lower radiculopathy. On February 19, 2018 Tracey was advised for the first time that the source of her continued pain was fractures involving the bilateral S1 pedicle screws as identified on the CT scan and plain films of the lumbar spine.  On March 6, 2018 Tracey was required to undergo a procedure to remove the hardware/fractured pedicle screws, however, the surgeon was unable to remove the roots of the screws and therefore the screws remain in the sacrum.

VII.

As a proximate cause of the actions of Synthes, Tracey has incurred and will continue to incur medical and related expenses, disability, physical pain and suffering, psychological injury and other injuries and damages due to the pedicular screw breakage.

**COUNT I**

**FAILURE TO WARN**

VIII.

Plaintiff incorporates by reference paragraphs I through IX as though fully set out at length herein.

IX.

At all times material hereto, Synthes was in the business of developing, manufacturing, and marketing implants to mend bone fractures, including the screws that broke in Tracey's back, with a catalog number of 498562.

X.

The failure of the fixation screws were the direct and proximate result of the negligence, carelessness and recklessness of Synthes in the following particulars:

A.  In designing, manufacturing and providing a medical device of such construction that it could fail for multiple reasons, including its inability to properly relieve and/or alleviate the conditions for which it was designed and from which Tracey suffered;

B.  In failing to provide proper and clear warning of the dangers that the screws might fail by not working as advertised and intended, causing the need for further surgery and other injuries and damages to the patient;

C.  In failing to adequately inspect and test the screws for safety prior to offering them for sale;

D.  In failing to discover that the screws were dangerously defective, improperly designed and manufactured, inadequately tested and inspected, entirely unfit for duty and unsafe for use, constituting a hazard for the patient to whom the screws were placed;

XI.

As a direct and proximate result of having the screws implanted, Tracey suffered the loss of her former state of physical and mental well- being, and suffered serious injuries to her body, and will continue to require medical care and attention; she has suffered and will continue to suffer great mental anguish, severe chronic pain and agony as a result of the failed screws occurrence. The dangerous condition of the product existed at the time the pedicle screws left the control of Synthes and which dangerous condition

Synthes knew about, or should have known about, in light of the reasonably available knowledge. The Plaintiff was neither aware of the dangerous condition thus could not appreciate the dangerous condition of the pedicle screws.

XII.

Tracey's injuries and damages as recited herein, occurred directly as a result of and were proximately caused by the negligence of the Defendant as described herein.

COUNT II

**DESIGN DEFECT**

XIII.

Tracey hereby adopts and incorporates by reference as though fully set forth herein all of the allegations of fact in the preceding paragraphs I through XII.

XIV.

The pedicle screws in question were designed, manufactured, sold and placed into the stream of commerce by Synthes, in an unsafe and defective condition and the pedicle screws in question were unreasonably dangerous to its users by reason of, among others, the following defects in its design, manufacture, testing and/or marketing:

A. In designing, manufacturing and providing a medical device of such construction that it could fail for multiple reasons;

B. In failing to provide proper and clear warning of the dangers that the pedicle screws might fail by not working as advertised and intended, causing the need for further surgery and other injuries and damages to the patient;

C.      In defectively designing, manufacturing and providing the pedicle screws that were implanted in Tracey;

D.      In failing to use available design and engineering skill or knowledge to produce screws that would allow for proper remedy to spinal problems;

E.      In failing to provide adequate operating instructions and warnings to the surgeons who used the pedicle screws even though the Defendants knew or should have known that such warnings were necessary for the safe use of the screws;

F.      In failing to adequately inspect and test the pedicle screws for safety prior to offering it for sale;

G.      In failing to discover that the pedicle screws were dangerously defective, improperly designed and manufactured, inadequately tested and inspected, entirely unfit for duty and unsafe for use, constituting a hazard for the patient to whom the screws were placed;

XV.

The pedicle screws manufactured by Synthes were sold and placed into the stream of commerce by Synthes and reached the patient without substantial change in its design or structure.

XVI.

Synthes is strictly liable to Tracey, by reason of having designed, manufactured, tested, marketed, sold and placed into the stream of commerce an unreasonably

dangerous product which was the direct and proximate cause of Tracey's injuries and damages.

## COUNT III

## BREACH OF EXPRESS WARRANTY UNDER MPLA AND BREACH OF IMPLIED WARRANTY UNDER THE UNIFORM COMMERICAL CODE

XVII.

As part of this Count, Tracey realleges and readopts each and every allegation contained in Counts One and Two and the preceding paragraphs to Count One as though set forth again in full.

XVIII.

As vendors of the pedicle screws, Synthes made certain warranties, express and implied, that the pedicle screws were fit for the intended purpose and safe for surgical use.

XIX.

.

Contrary to these warranties of fitness and safety, express and implied, the pedicle screws failed to surgically perform properly when used for the purpose for which they were intended to be used.

XX.

Tracey relied upon the skill and judgment of Synthes in selecting, designing, manufacturing, testing, marketing and selling the product for its intended and ordinary purposes.

XXI.

As a direct and proximate result Synthes's breach of warranties, Tracey sustained serious and permanent injuries and damages.

## COUNT IV.

## COMPENSATORY DAMAGES

XXII.

As part of this Count, Tracey realleges and readopts each and every allegation contained in Counts One, Two and Three and the preceding paragraphs to Count One as though set forth again in full.

XXIII.

Tracey finally alleges that each of the alleged failures and omissions of the Defendant or their agents or employees acting in the course and scope of their employment, was a direct and proximate cause of the pain and suffering, personal injuries and other attendant damages sustained by Tracey.

XXIV.

Further, that as a direct and proximate result of the actions of Synthes, Tracey has sustained permanent injuries, past, present and future mental and physical pain and suffering, loss of enjoyment of life and has incurred and will continue to incur necessary medical and therapy expenses for which she should be compensated.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Tracey Nell Funchess, seeks judgment against the Defendant, Synthes USA, LLC, in an amount greater than $750,000.00 which will fully and adequately compensate her for all injuries and damages sustained, together with post-judgment interest and costs.

**RESPECTFULLY SUBMITTED**, this the 6th day of January, 2020.

                TRACEY NELL FUNCHESS, PLAINTIFF

                OWEN, GALLOWAY & MYERS, PLLC

                BY:  /s/ JOE SAM OWEN, MSB # 3965

Joe Sam Owen (MS Bar. #3965)
Owen, Galloway & Myers, PLLC
Post Office Drawer 420
Gulfport, MS  39502
228/868-2821 – Telephone
228/864-6421 – Facsimile
jso@owen-galloway.com

Herbert J. Stelly, Sr. (MS Bar #7835)
Post Office Box 1204
Gulfport, MS 39501
228/864-2418 – Telephone
228/863-7170 – Facisimile
hstellyassistant@aol.com